Case 13-21694    Filed 04/17/13    Doc 15

[ ] Presumption of Undue Hardship
[✓] No Presumption of Undue Hardship
*(Check box as directed in Part D Debtor's Statement in Support of Reaffirmation Agreement.)*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| In re<br>Rory I. Goforth<br><br>Debtor(s). | Bankruptcy Case No : 13-21694<br><br>DC No. *(See Local Rule 9014-1(c))*: |
|---|---|
| Creditor Name and Address:<br><br>CAPITAL ONE, N.A. - SUZUKI<br>C/O Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd. Suite 200<br>Tucson, AZ 85712 | Account No. *(last 4 digits only)* or Description of Collateral:<br><br>************9829 |
| [ ] *[Check this box if]* Creditor is a credit union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act | Date agreement made: |
| Did an attorney represent the Debtor(s) in negotiating this agreement?    Yes [ ]    No [✓] | |

### REAFFIRMATION AGREEMENT
*[Indicate all document(s) included in this filing by checking each applicable box.]*

    [✓] Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)
    [✓] Part B: Reaffirmation Agreement
    [✓] Part C: Certification by Debtor's Attorney
    [✓] Part D: Debtor's Statement in Support of Reaffirmation Agreement
    [ ] Part E: Motion for Court Approval of Reaffirmation Agreement

*[NOTE: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. NOTE ALSO: If you complete Part E, you must prepare and file Form 240B, Order on Reaffirmation Agreement.]*

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1. DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**

This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:    $ 3,725.51

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

   (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____ %.

   — And/Or —

   (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: ___0___ %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

   | $ | @ | % |
   |---|---|---|
   | $ | @ | % |
   | $ | @ | % |

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

   (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____ %.

   — And/Or —

   (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: ___0___ %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

   | $ | @ | % |
   |---|---|---|
   | $ | @ | % |
   | $ | @ | % |

Case 13-21694   Filed 04/17/13   Doc 15

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

> The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| JS1SK44A982100833 08 SUZU DR-Z400SMK | 6,399.00 |

*Optional*---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:

## REPAYMENT SCHEDULE

Your first payment in the amount of $_____ is due on _____(date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

---Or---

Your payment schedule will be: __38__ (number) payments in the amount of $__100.00__ each, payable (monthly, annually, weekly, etc.) on the __20__ (day) of each __month__ (week, month, etc.), unless altered later by mutual agreement in writing.   Begining 7/20/13

---Or---  To: Bass and Associates

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

13-03-26 18:02 FROM-Bass & Associates        5205771546             T-550  P0008/0013  F-242

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

1. <u>What are your obligations if you reaffirm the debt?</u>

   A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

2. <u>Are you required to enter into a reaffirmation agreement by any law?</u>

   No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

3. <u>What if your creditor has a security interest or lien?</u>

   Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

## PART B: REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

    Revolving credit, granting a purchase money security interest in items purchased on this account.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

    Interest rate reduced to (0) %.
    Payment provisions changed.

SIGNATURE(S):

Borrower:

_Rory Goforth_
(Print Name)

_[signature]_
(Signature)

Date: 4-15-13

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

Date: _____

Accepted by creditor:

CAPITAL ONE, N.A. - SUZUKI
(Printed Name of Creditor)

C/O Bass & Associates, P.C.
(Address of Creditor)

3936 E. Ft. Lowell Rd. Suite 200
(Address of Creditor)

Tucson, AZ 85712
(Address of Creditor)

_[signature]_
(Signature)

_Jennifer Pursley_
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance: 4/17/13

Form 240A  -  Reaffirmation Agreement (01/07)

'13-03-26 18:02 FROM-Bass & Associates    5205771546    T-550  P0010/0013  F-242

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*[To be filed only if the attorney represented the debtor in negotiating the reaffirmation agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: _____

Date: _____

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete numbered sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 AND your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship."]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $5000.00 and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $4700.00 leaving $300.00 to make the required payments on this reaffirmed debt.

   I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the Court. However, this presumption may be overcome if I explain to the satisfaction of the Court how I can afford to make the payments here:

   **Use an additional page if needed for a full explanation.**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

   Signed: _____
   (Debtor)

   _____
   (Joint Debtor, if any)

   Date: 4-15-13

   — *Or* —
   *[If the creditor is a Credit Union and the debtor(s) is (are) represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the disclosure statement in Part A and a completed and signed reaffirmation agreement.

   Signed: _____
   (Debtor)

   _____
   (Joint Debtor, if any)

   Date: _____

Form 240A - Reaffirmation Agreement (01/07)    Page 8 of 9

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| In re<br>Rory J. Goforth<br><br>Debtor(s). | Bankruptcy Case No.: 13-21694<br><br>DC No. *(See Local Rule 9014-1( c ))*: |
|---|---|
| Creditor Name and Address:<br>CAPITAL ONE, N.A. - SUZUKI<br>C/O Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd. Suite 200<br>Tucson, AZ 85712 | Account No. *(last 4 digits only)* or Description of Collateral<br><br>**************9829 |

### PART E: MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT
*[To be completed and filed only if the debtor(s) is (are) not represented by an attorney in negotiating the reaffirmation agreement.]*

I (We), the debtor(s), affirm the following to be true and correct:

I (We) am (are) not represented by an attorney in connection with this reaffirmation agreement.

I (We) believe this reaffirmation agreement is in my (our) best interest based on the income and expenses I (we) have disclosed in my (our) Statement in Support of this reaffirmation agreement, and because *(provide any additional relevant reasons the Court should consider)*:

Therefore, I (we) ask the Court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: _____

Form 240A - Reaffirmation Agreement (01/07)                                      Page 9 of 9

10-03-25 10:02 FROM-Bass & Associates       5205771540            T-550  P0013/0013  F-242

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| In re<br>Rory I. Goforth<br><br>Debtor(s). | Bankruptcy Case No: 13-21694<br><br>DC No. *(See Local Rule 9014-1(c))*: |
|---|---|
| Creditor Name and Address:<br>CAPITAL ONE, N.A. - SUZUKI<br>C/O Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd. Suite 200<br>Tucson, AZ 85712 | Account No. *(last 4 digits only)* or Description of Collateral:<br>**************9829 |

## ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) _____ has (have) filed a motion for approval
                      *(Name(s) of debtor(s))*
of the reaffirmation agreement dated _____ made between the debtor(s)
                                     *(Date of agreement)*
and _____. The Court held the hearing required by 11 U.S.C. § 524(d) on notice
    *(Name of creditor)*
to the debtor(s) and the creditor on _____
                                      *(Date)*

**IT IS ORDERED:**

- [ ] The Court grants the debtor's(s') motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

- [ ] The Court grants the debtor's(s') motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

- [ ] The Court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

- [ ] The Court disapproves the reaffirmation agreement under 11 U.S.C § 524(m).

- [ ] The Court does not approve the reaffirmation agreement.

Date _____

BY THE COURT

_____
*United States Bankruptcy Judge*

Form 240B - Order on Reaffirmation Agreement (01/07)                                                    Page 1 of 1

# American Suzuki Motor Corporation Card Program

Application Type: A married person may apply for individual credit, you are applying for:
☐ JOINT CREDIT, with another person, complete entire application
☒ INDIVIDUAL CREDIT, complete only applicant section.

## APPLICANT (Please Print)

**First Name:** Cory
**Middle Initial:** J.
**Last Name:** Goforth
**Social Security Number:** ___-___-___
**Date of Birth (MM/DD/YYYY):** _/_/79

**Address:** Howell Ln.
**Apt. #:** ___
**City:** Newcastle
**State:** CA
**Zip Code:** 95658
**Home Phone:** ___-___-9503

**Work Phone:** (___) ___-4572
**Housing Status:** ☒ Buyer/Owner ☐ Rent/Lease ☐ Other/Misc.
**Annual Income* (Gross):** $63,000
**Check if you have a:** ☒ Checking Account ☒ Savings Account
**E-Mail Address (Optional):** ___

**Date of Residence (MM/YYYY):** 4/02
**Employer Name:** Associated Concrete Pumping
**Date of Employment (MM/YYYY):** 10/07/2006

For WI Residents Only: Check box if you are married: ☐

*Note: Alimony, child support or separate maintenance income need not be disclosed if you do not wish to have it considered as a basis for paying this obligation.

## JOINT APPLICANT (or spouse of applicant if married WI resident - complete name and address only)

[crossed out / blank]

---

### THE OPTIONAL TAP MONTHLY DEBT CANCELLATION PROGRAM IS ONLY AVAILABLE ON REVOLVING ACCOUNTS, AND NOT AVAILABLE ON CLOSED-END LOANS.

**PROTECT YOUR ACCOUNT WITH TAP®** The Account Protector (referred to below as TAP) AN OPTIONAL MONTHLY DEBT CANCELLATION PROGRAM

If you enroll in our optional TAP program, your monthly credit card balance or a portion of your balance may be cancelled in the case of a qualifying Total Disability, Involuntary Unemployment, or Loss of Life event. For Total Disability, the maximum balance that may be cancelled is $300 per month, up to $10,000 and, for involuntary Unemployment, up to $300 per month for six months. For Loss of Life, the maximum balance that can be cancelled is $10,000. To receive a cancellation benefit (for other than Loss of Life) on your account, you must be employed full time (but not self-employed, working for a spouse or employed on a part-time basis) and working 30 hours or more per week at a single job on the date the event occurs. TAP is not insurance and is unavailable in Mississippi, Guam, the Virgin Islands, Puerto Rico and Canada.

YES, please enroll me, the primary cardholder, in the optional TAP monthly debt cancellation program. I authorize the monthly charge to my account when I have a balance. I have received and read the TAP Summary. I understand that your evaluation of my credit card application will not be influenced by whether I choose to enroll, and I am free to cancel at any time.

NO, I do not wish to enroll at this time. [signature]

SIGN HERE TO ENROLL    DATE         SIGN HERE TO DECLINE [signature]    DATE

### APPLICANT(S) SIGNATURE REQUIRED BELOW

By completing and signing this credit application you are applying to HSBC Bank Nevada, N.A. ("HSBC") for revolving credit to purchase goods and services from an authorized American Suzuki Motor Corporation Dealer ("American Suzuki Motor Corporation Dealer"). However, certain types of vehicles sold by American Suzuki Motor Corporation Dealers will be required to be financed as installment, or closed end, loans. Therefore, you authorize HSBC or the American Suzuki Motor Corporation Dealer to submit your application and credit information to HSBC Retail Credit (USA) Inc. ("HRCI"), an affiliate of HSBC, to review your information for a closed end loan under a separate agreement. All of the information furnished on this application is, to the best of your knowledge complete and accurate. You agree that you are furnishing all such information on this application to both American Suzuki Motor Corporation, and to HSBC Bank Nevada, N.A. ("we", "us"), the issuer of the American Suzuki Motor Corporation credit card. You agree that HSBC and HRCI may obtain a credit bureau report on you and may check any of the information provided on this application from whatever source they choose. By completing and signing this application, you are applying for a credit limit in the highest amount we deem appropriate, regardless of any initial sale amount, and you are requesting a Card issued to you by us which will allow you to make purchases under this Account. By a) signing, using or permitting others to use this Card; b) signing or permitting others to sign sales slips; c) making or permitting others to make purchases by telephone, Internet, or any other means, you agree to the terms and conditions of this Important Terms of Your Credit Card Account, Form 6022-SUZUKI-US-07 (1-08), (which includes an arbitration provision stated on both sides of this combined application and Important Terms of Your Credit Card Account, which are incorporated herein by reference, and to the Cardholder Agreement and Disclosure Statement which shall be sent to you with the credit card. You have read and received a copy of your Important Terms before making any purchase under this Account. Terms are attached. If this is a joint credit application, you understand that each applicant has the right to use the Account and that you shall be liable for all purchases made under the Account by any joint applicant. You grant us a purchase money security interest in the goods purchased on your Account and in all insurance contracts and proceeds, returned premiums, mechanical failure and extended service contracts, and refunds of charges for mechanical failure and extended service contracts financed therewith. You understand that we may provide information relating to our transactions and experiences with you to others, including American Suzuki Motor Corporation, whether or not you are approved for credit. You may prohibit the sharing of such information by calling us at 1-800-385-3804.

**Applicant's Signature:** [signature]
**Date (MM/DD/YY):** 2/26/08
**Joint Applicant's Signature:** ___
**Date (MM/DD/YY):** _/_/_

### (For Suzuki Use Only)

INITIAL SALE AMT ___   CREDIT LIMIT ___   I.D. Verified by: ___

I.D. #1 Photo ID (Applicant) Type: ___  I.D. # ___  State ___  Date of Issue _/_/_  Exp. Date _/_/_

I.D. #2 Credit Card (Applicant) ☐ MC ☐ VISA ☐ AMEX ☐ DISCOVER ☐ OTHER  Exp. Date _/_

I.D. #1 Photo ID (Joint Applicant) Type: ___  I.D. # ___  State ___  Date of Issue _/_/_  Exp. Date _/_/_

I.D. #2 Credit Card (Joint Applicant) ☐ MC ☐ VISA ☐ AMEX ☐ DISCOVER ☐ OTHER  Exp. Date _/_

**ACCOUNT#** ___ ___ ___ ___ 9 8 2 9 ___ ___ ___ ___ ___ ___ ___  (Account #'s may be either 15 or 16 digits in length)

7,500

6022-SUZUKI-US-07 (1-08)

OTD CYCLE SPORTS OF AUBURN
11905 DRY CREEK ROAD
AUBURN CA 95602

Date February 26 2008

Account # XXXXXXXXXXX9929

Invoice # S100833
Sale Transaction

Authorization Number 12411
Sale Amount $6399.00

I acknowledge receipt of a completed copy of the Sales Slip and the purchase of goods and/or services described herein and promise to pay the Unpaid Balance plus any Finance Charges and fees due in accordance with the terms of the Cardholder Agreement and Disclosure Statement, incorporated by reference. I understand that I am hereby granting HSBC Bank Nevada, N.A. a purchase money security interest in the goods described herein and in all insurance contracts and proceeds, returned premiums, mechanical failure and extended service contracts, and refunds of charges for mechanical failure and extended service contracts financed hereunder until the Unpaid Balance of my Account or such goods are paid in full, whichever comes first, unless otherwise prohibited by law

Cardholder GOFORTH, RORY J

X Signature

Financing Plans. Amounts include sales tax allocations

$ 6399.00 was financed under following terms. A reduced rate of 7.95% APR will be applied to your purchase for 24 months, if your Account is kept current. Each month, you are required to pay $49.00 PAYING ONLY THIS AMOUNT WILL NOT PAY OFF THE PURCHASE DURING THIS PERIOD. Fees are due when incurred
VIN JS1SK44A982100B33
Model DRZ400SMK8

Initials R.J.G.
Total Financed $6399.00

Thank You

MAR 03 2008

# BILL OF SALE

This BILL OF SALE (the "Bill of Sale") dated May 1, 2012, is by and among HSBC Finance Corporation, a Delaware corporation, HSBC Retail Services, Inc., a Delaware corporation, HSBC Bank Nevada, N.A., a national banking association, HSBC Card Services Inc., a Delaware corporation, HSBC Receivables Acquisition Company I, a Delaware corporation and HSBC Receivables Funding Inc. II, a Delaware corporation (each, a "Transferring Entity"), in favor of Capital One, National Association, a national banking association ("CONA"), and Capital One Bank (USA), National Association, a national banking association ("COBNA"). Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Agreement (as defined below).

WHEREAS, each of CONA and COBNA is a wholly owned Subsidiary of Capital One Financial Corporation ("Purchaser");

WHEREAS, Purchaser, HSBC Finance Corporation, HSBC USA Inc. and HSBC Technology & Services (USA) Inc. are parties to that certain Purchase and Assumption Agreement, dated as of August 10, 2011 (the "Agreement");

WHEREAS, pursuant to Section 2.1(a) of the Agreement, effective as of the Effective Time, each Seller, as applicable, is to sell, convey, transfer, assign and deliver, or cause one or more of its Subsidiaries to sell, convey, transfer, assign and deliver to Purchaser, and Purchaser is to purchase and accept from each Seller or its applicable Subsidiaries, all of each such Selling Entity's right, title and interest in, to and under the Acquired Assets that are tangible personal property (the "Applicable Acquired Assets");

WHEREAS, pursuant to Section 10.2 of the Agreement, Purchaser may assign its right under the Agreement to acquire any asset to any wholly owned Subsidiary without the prior written consent of any other party to the Agreement and has assigned its right to acquire the Applicable Acquired Assets to CONA or COBNA, as applicable; and

WHEREAS, pursuant to Sections 3.2(c) and 3.3(b) of the Agreement, the parties desire to execute and deliver at the Closing this Bill of Sale to evidence the sale, conveyance, transfer, assignment and delivery of the Applicable Acquired Assets owned by the Transferring Entities to Purchaser and/or its wholly owned Subsidiaries as of the Closing Date.

NOW, THEREFORE, in consideration of the payment by Purchaser and/or its wholly owned Subsidiaries of the Purchase Price and the assumption by Purchaser and/or its wholly owned Subsidiaries of the Assumed Liabilities for the sale, conveyance, transfer, assignment and delivery of the Acquired Assets owned by the Selling Entities, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Transferring Entity, intending to be legally bound, does hereby sell, convey, transfer, assign and deliver to CONA and COBNA, and their successors and assigns, in accordance with the allocations set forth on Annex A hereto, all of such Transferring Entity's right, title and interest in, to and under the Applicable Acquired Assets owned by it free and clear of all Liens (except for Permitted Liens); TO HAVE AND TO HOLD unto CONA and COBNA (in accordance with the allocations set forth on Annex A hereto), their successors and assigns, as applicable, to their own use and benefit forever, all of the Applicable Acquired Assets hereby sold, assigned, transferred, conveyed and delivered as of the Closing.

THE PARTIES FURTHER COVENANT AND AGREE AS FOLLOWS:

a. From time to time each Transferring Entity and its successors and assigns shall, and shall cause its Subsidiaries to, without further consideration, cooperate, execute and deliver all such further bills of sale, assignments or other instruments of conveyance and transfer, and take such actions, all as may be reasonably requested by CONA and COBNA, and their successors or assigns, in order to carry out the sale, assignment, conveyance, transfer and delivery of the Applicable Acquired Assets covered by this Bill of Sale as contemplated in this Bill of Sale and the Agreement.

b. This Bill of Sale shall become effective as of the Effective Time at the Closing pursuant to the terms of the Agreement. Nothing in this Bill of Sale shall be deemed to constitute an agreement to sell, convey, transfer, assign or deliver to Purchaser or its Subsidiaries any Applicable Acquired Asset (or portion thereof) prior to the Effective Time.

c. This Bill of Sale is given pursuant to the provisions of the Agreement and the sale, conveyance, transfer, assignment, and delivery of the Applicable Acquired Assets hereunder are made subject to the terms and conditions of the Agreement and shall be construed consistently therewith. Nothing in this Bill of Sale, express or implied, is intended to or shall be construed to supersede, modify, replace, amend, rescind, waive, expand or limit in any way the rights of the parties under, and the terms of, the Agreement. In the event that any provision of this Bill of Sale is construed to conflict with a provision in the Agreement, the parties agree that the provision in the Agreement shall be controlling.

d. The following Sections of the Agreement are incorporated into this Bill of Sale by reference, to be applied and construed consistently with the application of such Sections in the Agreement as if such Sections were set forth herein: Sections 10.1, 10.2, 10.3, 10.4, 10.5, 10.6, 10.7, 10.10 and 10.13.

[Signatures Appear on the Following Page]

IN WITNESS WHEREOF, the parties have executed this Bill of Sale as of the date first written above.

[signature pages have been distributed separately]

HSBC FINANCE CORPORATION

By: _____
Name: Gregory T. Zeeman
Title: Executive Vice President and
Chief Operating Officer, USA

[Signature Page Bill of Sale]                    [Signature Page to Bill of Sale]

HSBC RETAIL SERVICES INC.

By: /s/ Mike Reeves
Name: Mike Reeves
Title: Executive Vice President, Chief Financial Officer and Treasurer

HSBC BANK NEVADA, N.A.

By: /s/ Mike Reeves
Name: Mike Reeves
Title: Executive Vice President, Chief Financial Officer and Treasurer

*[Signature Page to Bill of Sale]*

*[Signature Page to Bill of Sale]*

HSBC CARD SERVICES INC.

By: /s/ Mike Reeves
Name: Mike Reeves
Title: Executive Vice President, Chief Financial Officer and Treasurer

HSBC RECEIVABLES ACQUISITION COMPANY I

By: /s/ Mike Reeves
Name: Mike Reeves
Title: Executive Vice President, Chief Financial Officer and Treasurer

*[Signature Page to Bill of Sale]*

*[Signature Page to Bill of Sale]*

HSBC RECEIVABLES FUNDING INC. II

By: /s/ Mike Reeves
Name: Mike Reeves
Title: Executive Vice President, Chief Financial Officer and Treasurer

CAPITAL ONE, NATIONAL ASSOCIATION

By: /s/ Murray P. Abrams
Name: Murray P. Abrams
Title: Executive Vice President, Corporate Development

*[Signature Page to Bill of Sale]*

*[Signature Page to Bill of Sale]*

CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION

By: /s/ Murray P. Abrams
Name: Murray P. Abrams
Title: Executive Vice President, Corporate Development

### Annex A

### Allocations

1.  The following Applicable Acquired Assets are hereby assigned to COBNA but only to the extent such Applicable Acquired Assets relate to the products set forth on Schedule A hereto (provided that any such Applicable Acquired Asset that is not fully separable between COBNA and CONA based on the products set forth on Schedule A shall not be assigned to COBNA and is instead hereby assigned to CONA in accordance with paragraph (2) below):

*Acquired Assets*

  i. All CRS Accounts and all Gross Receivables and Accrued Interest and Fees related to the CRS Accounts, and all Charged Off Accounts and the right to any recoveries or collections with respect thereto;
  ii. All CRS Account Agreements, pending applications for CRS Accounts and outstanding solicitations for CRS Accounts;
  iii. All loans associated with CRS Accounts (other than the Excluded Accounts);
  iv. The right to receive Interchange Fees and annual or other fees from Borrowers under the CRS Accounts, including the *pro rata* portion of any annual or other fees from Borrowers under the CRS Accounts for any period after the Effective Time;
  v. The *pro rata* portion of any fees paid in connection with the CRS Business for any period after the Effective Time;
  vi. the Books and Records and Cardholder List;
  vii. All BINs and ICAs used for the CRS Accounts;
  viii. Any security deposits related to Acquired Assets (if any);
  ix. Rights to provide the Enhancement Services and the right to provide enhancement services currently offered by the Sellers in connection with the CRS Business through third parties or Affiliates of Sellers that are not Selling Entities; and
  x. The Other Specified Assets that are: (1) loans without recourse, (2) contra credit balances, (3) other miscellaneous receivables and (4) unbilled and accrued interest less the *pro rata* portion of annual or other fees.

2.  All of the Applicable Acquired Assets other than (i) the Transferred Intellectual Property and (ii) the Applicable Acquired Assets that are transferred to COBNA pursuant to paragraph (1) above are hereby transferred to CONA.

*[Signature Page to Bill of Sale]*

Case 13-21694    Filed 04/17/13    Doc 15

## Schedule A

### Products

1. American DreamCard
2. Cash Rewards
3. Client 5221
4. DAMARK (containing the Damark Visa logo but not the Damark Internat'l – Inactive logo)
5. Direct Merchants Bank Discover Network Card
6. Direct Reward Platinum Discover Network Card (Organic & Secondary)
7. Direct Rewards Platinum MasterCard
8. DMB
9. Household Bank
10. Household Bank - unsecured
11. Household Bank MasterCard (containing the HSBC MasterCard logo but not the Household Bank MasterCard logo)
12. Household Bank Refund Rewards Buying Card
13. Household Bank Secured
14. Household Bank Visa
15. HSBC
16. HSBC American Express
17. HSBC Discover Network Card
18. HSBC Platinum MasterCard
19. HSBC Platinum Visa
20. Metris Co
21. Orchard Bank Standard Secured
22. Orchard Bank Unsecured
23. Platinum MasterCard - Unbranded
24. Platinum Visa - Unbranded
25. Premier World MasterCard
26. Red Hat Society